UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARRY JOHNSON,
      Petitioner,

v.                                     Case No. 8:20-cv-560-KKM-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,
      Respondent.

_____

## ORDER

      Barry Johnson, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) In the response, Respondent contends that the petition should be dismissed as untimely. (Doc. 10.) In reply, Johnson disagrees about the timeliness of his petition. (Doc. 17.) He is wrong, and the petition must be dismissed as time-barred. Because reasonable jurists would not disagree, a certificate of appealability is not warranted.

## I.    BACKGROUND

      A state court jury convicted Johnson of second-degree murder. (Doc. 10-2, Ex. 6.) The state trial court sentenced him to life in prison. (*Id.*, Ex. 10.) The state appellate court per curiam affirmed the conviction and sentence. (*Id.*, Ex. 15.) On postconviction review, the state appellate court remanded for a new sentencing hearing before a different judge. *See Johnson v. State*, 120 So.3d 629 (Fla. 2d DCA 2013). Accordingly, the state trial court

vacated Johnson's sentence and conducted a resentencing hearing. (Doc. 10-5, Exs. 44 & 45.) The state trial court resentenced Johnson to life in prison. (*Id.*, Exs. 45 & 46.) The state appellate court per curiam affirmed the sentence. (*Id.*, Ex. 50.)

Johnson's first motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a) was denied in part and dismissed in part. (*Id.*, Exs. 51 & 52.) The state appellate court affirmed. (*Id.*, Ex. 56.) Johnson's second motion to correct an illegal sentence under Rule 3.800(a) was denied, and the state appellate court per curiam affirmed. (*Id.*, Exs. 58 & 59; Doc. 10-6, Ex. 65.) Johnson's motion for postconviction relief under Rule 3.850 was denied as untimely and successive. (Doc. 10-6, Exs. 63 & 67.) The state appellate court per curiam affirmed the denial. (*Id.*, Ex. 71.)

## II.   <u>TIMELINESS</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Johnson was resentenced on January 8, 2015. The state appellate court affirmed Johnson's sentence on March 23, 2016. (Doc. 10-5, Ex. 50.) Before expiration of the 90-day period to petition the Supreme Court of the United States for a writ of certiorari, Johnson filed his first motion to correct an illegal sentence on May 13, 2016. (*Id.*, Ex. 51.) The state appellate court's mandate affirming the denial of Johnson's motion was entered on February 27, 2017. (*Id.*, Ex. 57.) Therefore, Johnson's AEDPA limitation period began on February 28, 2017.

Johnson allowed 63 days to pass untolled before he filed his second motion to correct an illegal sentence on May 2, 2017. (*Id.*, Ex. 58.) That motion remained pending until issuance of the state appellate court's mandate on February 15, 2018. (Doc. 10-6, Ex. 66.) Johnson had 302 days remaining on the AEDPA limitation period, meaning that his § 2254 petition was due by December 14, 2018. Johnson filed no other tolling applications in state court before this deadline. He filed his § 2254 petition on March 6, 2020. (Doc. 1, p. 21.) Therefore, his § 2254 petition is untimely under § 2244(d).

In 2017, Johnson sought postconviction relief under Rule 3.850. But Johnson's postconviction motion was not properly filed and therefore did not toll the AEDPA limitation period. On September 6, 2017, Johnson filed a "motion requesting for permission to file a manifest injustice claim," along with his postconviction motion. (Doc. 10-6, Exs. 62 & 63.) In the motion requesting permission to file, he sought the state court's

"permission to submit for review (1) claim of manifest injustice." (*Id.*, Ex. 62, p. 2.) Johnson's claim, that the trial court committed fundamental error by reading an incorrect jury instruction, was contained in his postconviction motion. (*Id.*, Ex. 63.)

The state court ruled on Johnson's postconviction motion, finding it procedurally barred as untimely and successive. (*Id.*, Ex. 67, p. 3.) The state court granted Johnson's motion for permission to file "[t]o the extent the court ha[d] considered and ruled on" the postconviction motion. (*Id.*, p. 4.) Because the state court found the postconviction motion untimely, the postconviction motion was not properly filed and did not toll the AEDPA limitation period. The Supreme Court of the United States has explained that a state court application for collateral review is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "the time limits upon its delivery . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). And the Supreme Court has "expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).  In other words, "[w]hen a postconviction motion is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214 (2002)).

Johnson argues that his postconviction motion was properly filed. He contends that the state court allowed him to file it "under the state manifest injustice doctrine. As such, the Petitioner's Petition was properly filed accepted and adjudicated on the merit[s]." (Doc. 17, p. 1.) If Johnson is correct, he would have garnered statutory tolling from the time the postconviction motion was filed on September 6, 2017, until the state appellate court's mandate on March 18, 2020. (Doc. 10-6, Ex. 72.) His § 2254 petition—filed on March 6, 2020, and before issuance of the mandate—would be timely.

Johnson's argument is unavailing. The state court only granted his motion for permission to file to the extent that the court agreed to consider the contemporaneously filed postconviction motion in the first instance. Upon reviewing the postconviction motion, the state court found it untimely. Thus, as addressed, the postconviction motion cannot be considered properly filed for purposes of tolling under § 2244(d)(2).[1] *See Jones*, 906 F.3d at 1342; *Pace*, 544 U.S. at 414.

Johnson also does not argue that his untimely petition is subject to review on the bases of equitable tolling, *see McQuiggin v. Perkins*, 569 U.S. 383 (2013) or actual

---

[1] Because Johnson's motion for permission to file did not raise a challenge to the validity of the judgment, it does not qualify as a tolling application "for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). *See Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1140 (11th Cir. 2015) (stating that "collateral review" for the purposes of § 2244(d)(2) is "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." (quoting *Wall v. Kholi*, 562 U.S. 545 (2011))).

innocence, *see Holland v. Florida*, 560 U.S. 631 (2010). He therefore does not escape the time-bar through one of these exceptions.

Accordingly, Johnson's petition is untimely under § 2244(d) and not reviewable by this Court.

## III. CERTIFICATE OF APPEALABILITY

Johnson is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Johnson must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Johnson cannot satisfy the second prong of the *Slack* test. As Johnson is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Johnson's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as time-barred. The **CLERK** is directed to enter judgment against Johnson and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on January 6, 2023.

Kathryn Kimball Mizelle
United States District Judge

6